**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Andrietta Atkinson and Debra Clyburn-Wilson, individually and as Personal Representatives of the Estate of Willie Mae Clyburn, Respondents,

v.

SSC Sumter East Operating Company, LLC d/b/a Sumter East Health and Rehabilitation Center and Paul Granger, Defendants,

of whom SSC Sumter East Operating Company, LLC d/b/a Sumter East Health and Rehabilitation Center is the Appellant.

Appellate Case No. 2020-001143

———————

Appeal From Sumter County
Kristi F. Curtis, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-438
Submitted November 1, 2022 – Filed December 7, 2022

———————

**AFFIRMED**

———————

Stephen Lynwood Brown, Russell Grainger Hines, and Donald Jay Davis, Jr., all of Clement Rivers, LLP, of Charleston, for Appellant.

Daniel Nathan Hughey, Arthur Stuart Hudson, and Bradley Hunter Banyas, all of Hughey Law Firm, LLC, of Mount Pleasant; and Jordan Christopher Calloway, of McGowan Hood Felder & Phillips, of Rock Hill, for Respondents.

---

**PER CURIAM:** In this action for wrongful death and survivorship, SSC Sumter East Operating Company, LLC, d/b/a Sumter East Health and Rehabilitation Center (Sumter East), appeals the denial of its motion to enforce an agreement to arbitrate (the Arbitration Agreement) to which neither the decedent nor anyone with formal authority to act on her behalf was a signatory. We affirm pursuant to Rule 220(b), SCACR.

In *Coleman v. Mariner Health Care, Inc.*, 407 S.C. 346, 355, 755 S.E.2d 450, 455 (2014), our supreme court acknowledged the general rule that documents "executed at the same time, by the same parties, for the same purposes, and in the course of the same transaction" would have merged unless there was a contrary intention. The court, however, ultimately held language in a residential facility admission agreement in a section titled "Entirety of Agreement," and a provision in a simultaneously executed arbitration agreement allowing that agreement to be disclaimed within thirty days of signing, "evidenc[ed] an intention that each contract remain separate." Here, the Arbitration Agreement and a "Resident Admission Agreement" (the Admission Agreement), which was purportedly the basis for the underlying action, were executed at the same time by a representative of Sumter East and the decedent's daughter, Respondent Debra Clyburn-Wilson, who at the time lacked legal authority to act on her mother's behalf. However, similar to the situation in *Coleman*, the Admission Agreement included an "Entirety of Agreement" provision indicating it "contain[ed] all of the promises and agreements between the parties," and the Arbitration Agreement, unlike the Admission Agreement, specifically allotted a limited amount of time for a party to revoke it. Therefore, "[b]y their own terms, the contracts between these parties indicated an intent that the common law doctrine of merger not apply." *Id.*

Because the Arbitration Agreement and the Admission Agreement did not merge, we reject Sumter East's argument that the Arbitration Agreement could be enforced based on direct benefits estoppel. *See Belzberg v. Verus Invs. Holdings Inc.*, 999 N.E.2d 1130, 1134 (N.Y. 2013))) ("Under the direct benefits theory of estoppel, a nonsignatory may be compelled to arbitrate where the nonsignatory 'knowingly exploits' the benefits of *an agreement containing an arbitration clause*, and

receives benefits flowing directly from the agreement." (emphasis added)), *quoted in Wilson v. Willis*, 426 S.C. 326, 340-41, 827 S.E.2d 167, 175 (2019).

Finally, we hold the circuit court did not err in finding Sumter East did not meet its burden to establish the elements of equitable estoppel to prevent Respondents from refusing to comply with the Arbitration Agreement because Sumter East, as the party asserting estoppel, failed to show it lacked knowledge and the means of attaining the truth of the facts in question—specifically, Clyburn-Wilson's authority to act on the decedent's behalf. As the circuit court noted, Sumter East could have simply asked Clyburn whether she was her mother's legal guardian or attorney-in-fact and requested supporting documentation. *See Strickland v. Strickland*, 375 S.C. 76, 84-85, 650 S.E.2d 465, 470 (2007) (listing "lack of knowledge, and the means of knowledge, of the truth as to the facts in question" as one of the required elements of equitable estoppel); *Binkley v. Rabon Creek Watershed Conservation Dist. of Fountain Inn*, 348 S.C. 58, 70-72, 558 S.E.2d 902, 908-09 (Ct. App. 2001) (rejecting a claim of equitable estoppel because the parties asserting this claim failed to show they lacked both the necessary knowledge and the means by which to obtain it).

**AFFIRMED.**[1]

**KONDUROS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.